*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* S. BURKHOLDER, Minor.

UNPUBLISHED
December 11, 2025
2:28 PM

No. 373959
Kent Circuit Court
Family Division
LC No. 24-051172-NA

*In re* LIDDELL/BURKHOLDER, Minors.

No. 374948
Kent Circuit Court
Family Division
LC Nos. 23-052558-NA,
and 24-051172-NA

Before: M. J. KELLY, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

In this consolidated appeal, respondent-mother appeals by right the trial court's order terminating her parental rights to the minor children, SL and SB, under MCL 712A.19b(3)(b)(*i*) and (h). Respondent argues that the trial court erred by failing to make an aggravated-circumstances determination before proceeding with termination and by failing to consider relative placement and the effects of splitting up the siblings in determining whether termination was in the children's best interests. We affirm.

## I. BACKGROUND

In December 2023, the Department of Health and Human Services (DHHS) petitioned for removal of SL because she had been taken to the hospital with severe burns over 16% to 17% of her body. Respondent faced criminal charges for causing the injuries. In May 2024, respondent gave birth to SB, who was removed shortly thereafter because of SL's injuries and respondent's history of domestic violence. Throughout the proceedings, the trial court ordered reasonable

efforts to reunify the family. Respondent participated to the best of her abilities in light of the criminal charges against her.

In August 2024, respondent pleaded guilty to first-degree child abuse. In the underlying child protective proceedings, petitioner amended the petition to reflect that respondent pleaded guilty and was sentenced to 51 months to 20 years' imprisonment. At the adjudication trial, the trial court concluded that the allegations in the petition had been proven by a preponderance of the evidence, but it did not immediately proceed to disposition. In December 2024, the trial court held a review hearing. Although a writ had been sent to the Department of Corrections for respondent to appear, respondent was not present at the hearing. Respondent's trial counsel objected to continuing the proceedings without respondent and asked for an adjournment. The trial court concluded that it was necessary to proceed to comply with "fairly tight" statutory time lines, emphasizing that the hearing was only for purposes of review. In January 2025, the trial court intended to hold a termination hearing. However, respondent was unable to appear in person because of a quarantine at the prison and objected to the termination hearing being held. Given respondent's objection and the liberty interests at stake, the trial court agreed to adjourn the hearing.

In February 2025, the trial court held a termination hearing. At the conclusion of the hearing, the trial court terminated respondent's parental rights finding that the statutory grounds for termination existed by clear and convincing evidence. Under MCL 712A.19b(3)(b)(*i*), SL suffered physical injury at respondent's hands, insufficient steps had been taken to rectify the conditions that led to the injury, and there was a reasonable likelihood that SB and SL would suffer injury if returned to respondent's care. In addition, the trial court found that respondent's incarceration for a significant period provided a secondary statutory basis for termination under MCL 712A.19b(3)(h). The trial court found that reasonable efforts had been made toward reunification, explaining that the services provided to respondent had to be viewed in light of the pending criminal case against her. The trial court found that termination was in the children's best interests and would provide needed permanency and safety. Given respondent's admission to causing the injuries to SL, the trial court could not see how a bond between respondent and SL could be maintained. Similarly, respondent only had a "little time to bond" with SB, and her parenting ability was in "serious question" because of the SL's injury. This appeal followed.

## II. STANDARDS OF REVIEW

"A court may terminate a respondent's parental rights if one or more of the statutory grounds for termination listed in MCL 712A.19b(3) have been proven by clear and convincing evidence." *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). Once a statutory ground for termination is established, the trial court must then determine whether termination is in the child's best interests. *Id.* This Court "review[s] for clear error both the court's decision that a ground for termination has been proven by clear and convincing evidence and . . . the court's decision regarding the child's best interest." *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013).

If an issue is not preserved, as is respondent's aggravated-circumstances challenge, then this Court's review is limited to plain error affecting substantial rights. *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 2; *In re HRC*, 286 Mich App 444, 450; 781 NW2d 105 (2009). To establish plain error, the defendant has the burden to show (1) "error"; (2) that the error was "plain," meaning "clear or obvious"; (3) and that the error affected substantial rights or caused prejudice, meaning "that the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Reversal is warranted when the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Id*. (quotation marks and citation omitted; alteration in original).

## III. TERMINATION AT INITIAL DISPOSITION

On appeal, respondent argues that the trial court procedurally erred by (1) failing to determine whether aggravated circumstances existed within 60 days of removal to excuse a lack of reasonable efforts by the DHHS and (2) failing to hold a permanency-planning hearing before terminating respondent's parental rights.

Absent certain circumstances, "the [DHHS] has an affirmative duty to make reasonable efforts to reunify a family before seeking termination of parental rights." *In re Hicks*, 500 Mich 79, 85; 893 NW2d 637 (2017), citing MCL 712A.18f(3)(b) and (c); MCL 712A.19a(2). MCL 712A.19a(2) "provides the circumstances under which termination may be granted at the initial disposition," and MCR 3.977(E) "lays out the procedure that must be followed to grant termination at the initial disposition." *In re Walters*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 369318); slip op at 5.

MCL 712A.19a(2)(a) provides in relevant part:

The court shall conduct a permanency planning hearing within 30 days after there is a judicial determination that reasonable efforts to reunite the child and family are not required. Reasonable efforts to reunify the child and family must be made except if any of the following apply:

(a) There is a judicial determination that the parent has subjected the child to aggravated circumstances as provided in section 18(1) and (2) of the child protection law, 1975 PA 238, MCL 722.638.

(b) The parent has been convicted of 1 or more of the following:

\* \* \*

(*iv*) A felony assault that results in serious bodily injury to the child or another child of the parent.

Under MCR 3.977(E), the trial court shall order termination of parental rights at the initial disposition hearing and additional efforts for reunification shall not be made, if:

(1) the original, or amended, petition contains a request for termination;

(2) at the trial or plea proceedings, the trier of fact finds by a preponderance of the evidence that one or more of the grounds for assumption of jurisdiction over the child under MCL 712A.2(b) have been established;

(3) at the initial disposition hearing, the court finds on the basis of clear and convincing legally admissible evidence that had been introduced at the trial or plea proceedings, or that is introduced at the dispositional hearing, that one or more facts alleged in the petition:

(a) are true, and

(b) establish grounds for termination of parental rights under MCL 712A.19b(3)(a), (b), (d), (e), (f), (g), (h), (i), (j), (k), (l), or (m);

(4) termination of parental rights is in the child's best interests.

In the present case, the trial court ordered the removal of SL after she was taken to the hospital with severe burns over approximately 16% of her body and a wrist fracture. Despite the child's serious injuries, throughout the child protective proceedings, the trial court ordered that reasonable efforts toward reunification of respondent and her two children be made. The DHHS offered parenting time with respondent's other child and provided respondent parenting workbooks, a psychological examination, and therapy resources to address her domestic-violence history. Respondent participated to the best of her abilities in light of the criminal charges against her. However, in August 2024, respondent pleaded guilty to first-degree child abuse. The trial court took judicial notice of respondent's plea and ultimately terminated respondent's parental rights to SL and SB, who was born during the pendency of the child protective proceedings.

We conclude that the trial court did not err by terminating respondent's parental rights at the initial disposition because reasonable efforts were not withheld, and it is clear that aggravated circumstances existed on the basis of respondent's conviction of first-degree child abuse. Furthermore, the trial court held permanency-planning hearings as required by MCL 712A.19a and properly proceeded with termination on February 26, 2025, in effect, the initial disposition hearing.

Although respondent is correct that reasonable efforts must be made absent aggravated circumstances, see *in re Hicks*, 500 Mich at 85, respondent's argument that the trial court erred by not determining whether aggravated circumstances existed fails because reasonable efforts were not withheld in this case. The record establishes that the DHHS provided respondent with reasonable services, in light of the restrictions imposed by the pending criminal charges, and respondent participated in those services to the best of her abilities. Even if reasonable efforts had not been made, it is readily apparent from the petition and the record that aggravated circumstances existed because respondent was charged with, and later pleaded guilty to, first-degree child abuse for causing the injuries to one child that led to both children being removed from her care. Respondent's felony conviction of first-degree child abuse for burning SL is sufficient to satisfy MCL 712A.19a(2)(b)(*iv*), which states that "[r]easonable efforts to reunify the child and family must be made *except if any of the following apply*: . . . The parent has been convicted of . . . [a]

-4-

felony assault that results in serious bodily injury to the child or another child of the parent." (Emphasis added.)

In addition, respondent argues that the trial court erred by failing to hold a permanency-planning hearing before termination and that the trial court did not comply with MCR 3.977(E) because it did not proceed with termination at the initial disposition hearing. Both arguments are without merit.

Permanency-planning hearings are governed by MCL 712A.19a and MCR 3.976. "If a child remains in foster care and parental rights have not been terminated, the court must conduct a permanency planning hearing within one year of the child's removal." *In re Rood*, 483 Mich 73, 99; 763 NW2d 587 (2009), citing MCL 712A.19a(1); MCR 3.976(B)(2). MCL 712A.19a(1) expressly provides that with proper notice "a permanency planning hearing may be combined with a review hearing . . . ." Contrary to respondent's position on appeal, the trial court noticed multiple hearings as combined review and permanency-planning hearings to "review the status of the children and the progress being made toward the children's return home or permanent placement" within the statutory time line imposed by MCL 712A.19a. Moreover, at the December 16, 2024 hearing, the trial court recognized that it had to proceed with a review hearing in order to comply with statutory time lines, and the trial court's order following the hearing indicated that the permanency-planning goal for SB would remain reunification and the goal for SL was adoption. Accordingly, the trial court conducted a permanency-planning hearing as required.

The trial court also properly proceeded with termination at initial disposition on February 26, 2025. This was, in effect, the initial disposition hearing because respondent was unavailable at the December 2024 hearing and objected to appearing remotely at the January 2025 hearing. Respondent proposes a hypertechnical interpretation of MCR 3.977(E) that would require termination at the initial disposition hearing to occur at the first hearing following adjudication, or not occur at all before review hearings and reasonable efforts to reunify the family took place. This hypertechnical reading is unnecessary as long as the requirements of MCR 3.977(E) are met: that the original or amended petition requested termination, grounds for jurisdiction were established by a preponderance of the evidence, particular grounds for termination were established by clear and convincing evidence, and termination is in the child's best interests. Respondent objects only to the timing of the hearing and does not argue that the requirements of MCR 3.977(E) were not met. Accordingly, the trial court did not err by terminating respondent's parental rights.[1]

---

[1] On appeal, respondent does not challenge the statutory grounds for termination. Nevertheless, we would affirm the trial court's finding that SL's injuries for which respondent admitted responsibility established a statutory ground for termination under MCL 712A.19b(3)(b)(*i*) and that respondent's incarceration for a significant period established additional grounds for termination under Subsection (3)(h).

## IV. BEST INTERESTS

Respondent argues that the trial court erred by finding that termination was in the children's best interests without properly considering a relative placement and the effects of splitting up the siblings. We disagree.

"[T]he focus at the best-interest stage" is on the child, not the parent. *In re Moss*, 301 Mich App at 87. The trial court may consider the record as a whole in determining whether termination is in a child's best interests. *In re Trejo*, 462 Mich at 353. "Best interests are determined on the basis of the preponderance of the evidence." *In re LaFrance*, 306 Mich App 713, 733; 858 NW2d 143 (2014). This Court may consider factors including "the child's bond to the parent[;] the parent's parenting ability[;] the child's need for permanency, stability, and finality[;] and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich at 41-42. "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the child[]'s well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846, NW2d 61 (2014). This Court has also considered the length of time the child has been removed from a parent and whether it was likely "that the child could be returned to her parents' home within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 248-249; 824 NW2d 569 (2012).

Most relevant to the issues raised on appeal, "[a] child's placement with relatives is a factor that the trial court is required to consider." *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). "Placement with a relative weighs against termination, but that fact is not dispositive given that a trial court may terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests." *In re Atchley*, 341 Mich App 332, 347; 990 NW2d 685 (2022) (quotation marks and citation omitted).

In the present case, the trial court did not err because the trial court considered both the possibility of relative placement and the effects of a sibling split in determining what was in the children's best interests. When discussing the best-interest factors with regard to SL, the trial court stated that SL was currently in a nonrelative foster home, but that it appeared "that relative care [was] at least being appropriately considered by the agency." Further, the trial court found that the agency was balancing the possibility of relative care with maternal relatives out of state and the consideration of SL's bond with SB. SB's father also remained a potential placement at the time of the termination trial.

Moreover, whether a child can be placed with a relative is only one factor to be considered, and termination can still be in a child's best interests when placed in relative care. See *id*. at 347. The trial court also considered factors such as respondent's bond with each child, respondent's parenting ability, and the children's needs for stability and permanency. The trial court found that respondent's bond with SL had likely been severed because of the injuries that she suffered and that respondent had little time to bond with SB before her removal and before respondent's incarceration. Respondent's parenting ability was in serious question because of SL's injuries, and the trial court found that it would take "intense, longstanding, psychological work" to address respondent's barriers, which had not occurred. The children also enjoyed safety and stability at the foster home that respondent could not provide because of her incarceration. Particularly in light of the fact that respondent pleaded guilty to first-degree child abuse for causing SL's injuries,

we cannot conclude that the trial court clearly erred by finding that termination was in the children's best interests.

## V. DUTY TO INVESTIGATE RELATIVE PLACEMENT

Respondent also argues on appeal that the DHHS failed to investigate relative placement as required by MCL 722.954a(2). We disagree.

The record reflects that the DHHS contacted relatives in the initial stages of this case. Specifically, the DHHS's Case Service Plan from March 2024 indicated that the DHHS had reached out to several relatives since the case opened. Two relatives had begun visiting with SL and, of those, one relative expressed interest in placement and remains working with the licensing team to complete the necessary paperwork. The DHHS had also reached out to at least six other relatives who had not responded. Respondent does not dispute that these relatives were contacted or present any evidence to establish that the DHHS did not meet its statutory obligations. Further, respondent indicated she waived any objection to placement at SL's preliminary hearing and did not object to the children's placement throughout the remainder of the proceedings.

Affirmed.

/s/ Michael J. Kelly
/s/ James Robert Redford
/s/ Kathleen A. Feeney